IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **DION EDWARD RIDDLE, # 288058,** | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION 22-0096-JB-MU |
| **R. BUTLER,** *et al.*, | : | |
| Defendants. | : | |

## **REPORT AND RECOMMENDATION**

Plaintiff Dion Edward Riddle, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983. This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). After careful review, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

### **I. Complaint (Doc. 1).**

Riddle named as Defendants, Warden R. Butler, Warden A. McClain, S.A.P. Instructor Bishop (Doc. 1 at 7, PageID.7), Chaplain Kevin, Sergeant B. Finch, and Defendant Smith.[1] (Doc. 1-1 at 2, PageID.12). According to Riddle, in mid-March of

---

[1] In a letter to the Clerk, Riddle states he named six Defendants, and his claims are contained in Section G. (Doc. 1-2 at 1, PageID.16). This information brings clarity because Riddle listed witnesses (Doc. 1 at 9, PageID.9; Doc. 1-1, PageID.11) and attached a miscellaneous document (Doc. 1-1 at 3, PageID.13).

2020, he was assaulted by inmate Ricky Tunner in Fountain's Annex in his bed's area. (Doc. 1 at 4, 6, PageID.4, 6). Riddle went to the shift office and reported it to Defendant Finch, who said that he would investigate the "matter" and then get back with Riddle, which he did not do. (*Id.*). Because Riddle sustained a large scrape on his lower leg, he submitted a sick call slip to receive a body chart. (*Id.*). The following day a male nurse told him to put in another request because a body chart could not be done without permission from a lieutenant, sergeant, or correctional supervisor. (*Id.*). He then submitted another sick call slip, and the nurse saw him and gave him instructions for treating his injury. (*Id.*).

Inmate Mike Rump spoke about this matter to Defendant Bishop, who called Defendant Kevin. (*Id.* at 5, PageID.5). Defendant Kevin told Riddle that he heard about the assault by inmate Tunner. (*Id*

Moreover, after Riddle sent Defendant Butler a request slip, she did not contact the I&I Division to investigate the inmate assaulting him and Defendant Finch not investigating the "matter." (Doc. 1 at 7, PageID.7). And Defendant McClain knew of him being assaulted and giving an inmate request slip to Defendant Finch, but Defendant McClain did not act upon it. (*Id.*). In addition, Defendant Bishop called him into the office to discuss him being assaulted and thus should have reported the assault to D.O.C. authorities due to his injuries but did not. (*Id.*). Then, in July 2020, he told Defendant Smith about this "matter" and asked her what is going on at Fountain Annex. (Doc. 1-1 at 2, PageID.12).

For relief, Riddle seeks $10,000.

## II. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

2

Because Riddle is proceeding *in forma pauperis* (Doc. 4 at 2, PageID.30), the Court is reviewing his complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, *id.* at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. *Id.*

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Twombly*, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678, 129 S.Ct. at 1949.

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney,

*Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998), but "this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir.) (citation and quotation marks omitted), *cert. denied*, 574 U.S. 1047 (2014). Furthermore, the court treats factual allegations as true, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements. *Iqbal*, 566 U.S. at 681, 129 S.Ct. at 1951. In addition, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

### III. Analysis.

"A successful section 1983 action requires a showing that the conduct complained of (1) was committed by a person acting under color of state law and (2) deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992). "A § 1983 claim requires proof of an affirmative causal connection between the defendant's acts or omissions and the alleged constitutional deprivation." *Troupe v. Sarasota Cty., Fla.,* 419 F.3d 1160, 1165 (11th Cir.) (citing *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir.)), *cert. denied*, 547 U.S. 1112 (2006). Thus, Riddle must establish that his constitutional rights were violated by each Defendant.

In the allegations Riddle did not identify a constitutional right that he believes has been violated. Nor is the Court aware of a constitutional right that has been violated based on his allegations.

4

Riddle claims that each Defendant upon learning of him being assaulted did not investigate or order an investigation into his assault.  "Failing to investigate an inmate's complaint [of assault] . . . does not rise to the level of a separate constitutional violation." *Mallory v. Hetzel,* 2016 WL 5030469, at *14 (M.D. Ala. 2012) (citing *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 196 (1989)). "The law is clear that inmates do not enjoy a constitutional right to an investigation of any kind by government officials."  *Battle v. Mays,* 2020 WL 4334757, at *9 (M.D. Ala. 2020); *see Vinyard v. Wilson*, 311 F.3d 1340, 1356 (11th Cir. 2002) (arrestee had no constitutional right to internal police investigation of excessive force claim); *Phillips v. Life Prop. Mgmt. Servs., LLC*, 2021 WL 5444921, at *2 (11th Cir.)(tenant had no right to an investigation by police into the allegedly unlawful towing of his car) (unpublished), *cert. denied*, 142 S.Ct. 1673 (2022).  "The Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual."  *Battle,* 2020 WL 4334757, at *9 (relying on *DeShaney*).  Moreover, the failure to investigate was not alleged to have caused any harm.  *Jacoby v. PREA Coordinator*, 2017 WL 2962858, at *5 (N.D. Ala. 2017) (citing *Salvato v. Miley,* 790 F.3d 1286, 1297 (11th Cir. 2015) ("the failure to investigate an incident cannot have caused that incident")).  Accordingly, Riddle has failed to state a claim upon which relief can be granted.

### IV.  Conclusion.

Based upon the foregoing reasons, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE and ORDERED** this 13th day of December, 2022.

                                                 **s/ P. BRADLEY MURRAY**
                                                **UNITED STATES MAGISTRATE JUDGE**